UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MATSCO, a division of Wells Fargo, N.A.,

    Plaintiff,

-vs-                                Case No. 5:09-cv-327-Oc-10GRJ

CLERMONT CENTER FOR
COMPREHENSIVE DENTISTRY, P.A.,
LAUREL MANOR CENTER FOR
COMPREHENSIVE DENTISTRY, P.A.,
RICHARD W. ROZENSKY, D.D.S., P.A.,
DON J. ILKKA, D.D.S., P.A., DON J.
ILKKA, KATHLEEN A. ILKKA, RICHARD
W. ROZENSKY, KAREN H. ROZENSKY,

    Defendants.
_____

**O R D E R**

On July 24, 2009, the Plaintiff filed a multi-count Complaint against the Defendants seeking, among other things, to enforce its rights under various financing agreements and personal guarantees executed between the Plaintiff and Defendants (Doc. 1). The Defendants have filed a joint answer, and Defendants Karen H. Rozensky and Kathleen A. Ilkka have filed a counterclaim (Doc. 3).

The case is before the Court for consideration of the Plaintiff's Motion to Dismiss the Defendants' First Affirmative Defense and Counterclaim of Defendants Kathleen A. Ilkka and Karen H. Rozensky (Doc. 4). The Defendants, who are represented by counsel, have not filed a response to the motion, and the time for responding has expired.

The motion to dismiss is due to be granted.

## **Background Facts**

The relevant facts are alleged in the Plaintiff's Complaint (Doc. 1). The Plaintiff, Matsco, is a division of Wells Fargo, N.A., and is located in California. On November 22, 2005, Matsco's predecessor HPSC, Inc. and Defendant Clermont Center for Comprehensive Dentistry, P.A. ("Clermont") entered into a financing agreement secured by specified personal property, by which HPSC agreed to lend to Clermont $674,176.64 to use in connection with Clermont's dental practice (the "Clermont Agreement"). In order to induce HPSC to execute the Clermont Agreement, and to loan Clermont funds in accordance with the terms of the Agreement, Defendants Karen H. Rozensky and Kathleen A. Ilkka (the spouses of Defendants Richard W. Rozensky and Don J. Ilkka - the individuals who operated Clermont's dental practice) each executed a Personal Guaranty dated November 29, 2005, guaranteeing the debts of Clermont to HSPC and its successors.

In a letter agreement dated July 28, 2008 Clermont and HPSC's then successor in interest, General Electric Capital Corporation ("GECC") amended certain terms of the Clermont Agreement. In order to induce GECC to execute the amendments, Defendant Kathleen A. Ilkka executed a second Personal Guaranty dated July 22, 2008, once again guaranteeing the debts of Clermont. Matsco is the successor in interest to both HPSC and GECC with respect to the Clermont Agreement and both Personal Guarantees.[1]

---

[1]The other Defendants also exercised various guarantees in support of the Clermont
(continued...)

On or about January 1, 2009, Clermont defaulted on the Clermont Agreement when it failed to make its required monthly payments under the terms of the Agreement. Pursuant to the Agreement, at that time the remaining balance of all monies owed became immediately due and payable. As of July 9, 2009, the balance due and owing was $676,071.78. Neither Clermont nor any of the Defendants who have exercised personal guarantees in support of the Clermont Agreement have made any payments towards this balance.

As a result, on July 24, 2009, Matsco filed a 19-Count Complaint against the Defendants for breach of contract and other related claims. Jurisdiction rests in this Court pursuant to 28 U.S.C. § 1332(a). All of the Defendants have filed a joint answer (Doc. 3). Defendants Karen H. Rozensky and Kathleen A. Ilkka have filed a counterclaim alleging that Matsco, through its predecessors HPSC and GECC, violated Title VII of the Consumer Credit Protection Act, 15 U.S.C. § 1061, *et seq.* (Doc. 3, pp. 15-16), also known as the Equal Credit Opportunity Act ("ECOA"). These Defendants raise this same argument in their First Affirmative Defense. (Id., p. 14-15).

## **Standard of Review**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with

---

[1](...continued)
Agreement, as well as another secured financing agreement. Those guarantees and agreements are not at issue in this motion to dismiss, and shall not be further discussed.

a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955 (2007). However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

## Discussion

The ECOA prohibits any creditor from discriminating against any applicant with respect to any aspect of a credit transaction on the basis of race, color, national origin, sex, marital status, or age. See 15 U.S.C. § 1691(a). To implement this prohibition, the Federal Reserve Board has promulgated the following regulation: "[A] creditor shall not require the

4

signature of an applicant's spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested." 12 C.F.R. § 202.7(d)(1).

In their Counterclaim and Affirmative Defense, Defendants Ilkka and Rozensky allege that Matsco, through its predecessors, violated the statute and the regulation by requiring them to sign the Personal Guarantees for the Clermont Agreement solely in their capacity as the spouses of Defendants Don J. Ilkka and Richard W. Rozensky. Matsco seeks dismissal of the Counterclaim as to the November 29, 2005 Personal Guaranty on the grounds that it is barred by the applicable statute of limitations.

Claims brought under the ECOA and 12 C.F.R. § 202.7(d)(1) must be brought within two years from the date of the occurrence of the violation. 15 U.S.C. § 1691e(f). Although the Eleventh Circuit has not yet spoken on this issue, every court that has applied §1691e(f) has used the date that the lender demands a spouse's signature on the note or guaranty as the trigger date for the running of the statute of limitations. See, e.g., Ramsdell v. Bowles, 64 F.3d 5 (1st Cir. 1995); Household Bank, Federal Savings Bank v. Carlton, 7 F.3d 223 (4th Cir. 1993); Farrell v. Bank of N.H.-Portsmouth, 929 F.2d 871 (1st Cir. 1991); Stern v. Espirito Santo Bank of Fla., 791 F. Supp. 865 (S.D. Fla. 1992). See also Marine American State Bank v. Lincoln, 433 N.W.2d 709 (Iowa 1988); Ford City Bank v. Goldman, 424 N.E.2d 761 (1981).

As alleged in Matsco's Complaint, Defendants Ilkka and Rozensky signed their first Personal Guaranty on November 29, 2005.[2] Thus, in order to be within the two-year limitations period, these Defendants must have brought suit no later than November 29, 2007. However, they did not file their Counterclaim until August 24, 2009, well outside the statute of limitations. As such, the Counterclaim as it pertains to the November 29, 2005 Personal Guaranty shall be dismissed with prejudice. The Counterclaim may go forward as to Defendant Ilkka's July 22, 2008 Personal Guaranty.

Matsco also seeks dismissal of Defendants Ilkka's and Rozensky's First Affirmative Defense, which seeks to render both Personal Guarantees null and void based on Matsco's alleged violation of 12 C.F.R. § 202.7(d)(1). Matsco contends that this Affirmative Defense cannot go forward because invalidating a guaranty or loan is not an available remedy under the ECOA.

Matsco cites several cases in support of its contention that the ECOA's statutory scheme does not contemplate the invalidation of a guaranty as a remedy for an ECOA violation, and the Defendants have not submitted any decisional authority or argument in opposition. See F.D.I.C. v. 32 Edwardsville Inc., 873 F. Supp. 1474, 1480 (D. Kan. 1995) ("ECOA does not provide for the invalidation of a guaranty as a remedy for an ECOA violation, and defensive use of the ECOA in this case is therefore impermissible.");

---

[2] See Doc. 1, ¶ 17. Matsco has also attached a copy of the November 29, 2005 Personal Guaranty to its Complaint (Doc. 1, Ex. 5). The Defendants have admitted to the authenticity of the Personal Guaranty in their Answer (Doc. 3, ¶ 17).

Silverman v. Eastrich Multiple Investor Fund, L.P., 857 F.Supp. 447, 453 (E.D.Pa.1994) (same); Resolution Trust Corp. v. Schonacher, 844 F. Supp. 689, 696 (D. Kan. 1994) ("courts interpreting [the ECOA] have concluded that this language does not grant courts the power to invalidate underlying obligations."); Riggs Nat'l Bank of Washington, D.C. v. Linch, 829 F.Supp. 163, 169 (E.D.Va.1993) (holding that ECOA violation cannot be asserted as affirmative defense); CMF Virginia Land, L.P. v. Brinson, 806 F.Supp. 90, 95 (E.D.Va.1992) (The ECOA does not "afford relief by way of an affirmative defense. A counterclaim certainly can be premised upon a violation of the ECOA, but such a violation cannot be alleged to avoid basic liability on the underlying debt."); Diamond v. Union Bank & Trust, 776 F. Supp. 542, 544 (N.D.Okla.1991) ("[T]here is no authority, in statutory language or case law, for the proposition that a violation of the ECOA renders an instrument void."). Rather, the ECOA, by its own terms, sets forth the contemplated remedy - a federal civil action for actual damages, punitive damages not to exceed $10,000, attorney's fees, and/or injunctive relief - which the Defendants are pursuing in their Counterclaim. See 15 U.S.C. § 1691e.

Because the ECOA does not provide for the invalidation of an underlying obligation, and because the caselaw interpreting the ECOA has held that the Act cannot form the basis of an affirmative defense, the Defendants' Affirmative Defense shall be stricken.

**Conclusion**

Accordingly, upon due consideration, the Plaintiff's Motion to Dismiss First Affirmative Defense and Counterclaim of Defendants Kathleen A. Ilkka and Karen H. Rozensky (Doc. 4), is GRANTED. The portion of Defendants Kathleen A. Ilkka and Karen H. Rozensky's Counterclaim relating to the November 29, 2005 Personal Guaranty (Doc. 3) is DISMISSED WITH PREJUDICE, and the Defendants' First Affirmative Defense is STRICKEN.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 2d day of March, 2010.

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record